All right, next case of the morning is number 19-30316, Franco v. Mabe, I guess, Trucking Company, and you're Mr. Ross? I am, Your Honor. May it please the Court. Your Honors, my name is Benton Ross. I represent David Franco in this appeal, and this appeal turns upon how the federal courts view the where and when of this case's filing. According to 28 U.S.C. 1631, the federal courts view this case as being filed in the Western District of Louisiana on the date it was actually filed in the Eastern District of Texas. It was actually filed in the Eastern District of Texas before the one-year Louisiana prescriptive period ran. Therefore, the federal courts view this case as being filed in the There was not a court of competent jurisdiction, was it? The Western District of Louisiana, Your Honor, was. Oh, Louisiana, yes. Yeah, I'm sorry, Your Honor, and if I misspoke, I apologize. No, maybe I misunderstood. Yes, Your Honor, the Western District of Louisiana is a competent court of venue and jurisdiction, and because the courts view this case as having been filed there prior to the expiration of the prescriptive period, summary judgment would be inappropriate. There are three reasons why 1631 mandates this particular result. The first is that federal venue transfer statutes, like 1631, must be applied regardless of whether they cause any conflict with state law. The second is that the lower court's decision that section 1631 only applies to federal and to the intent behind it. The third is that the plain language of 1631, the legislative history of 1631, and the case law surrounding 1631 all support a broad reading of the word jurisdiction within that statute such that it should apply to both subject matter and personal jurisdiction. Turning to my first point, Your Honor, which is that 1631 and other federal venue transfer statutes must be applied regardless of any conflict with state law. The Supreme Court has told us in Burlington Northern Railroad Company that if there is an applicable and valid federal statute, that it must be applied. This is a two-part analysis. The first thing we look at is whether the statute is sufficiently broad to cover the point that is before the court. The point that is before the court in this case is when and where was this case filed. 1631 speaks directly to that point and says the federal court must view the case as being filed in the transferee court on the date it was actually filed in the transferor court. Because 1631 speaks directly to this issue, it is sufficiently broad to cover the point. The second step is to see whether 1631 is a valid enactment of Congress. Since at least 1965 in Hannah v. Plumer, the Supreme Court has told us that the test to see whether a statute like this is a valid enactment of Congress is to see whether it is, quote, rationally capable of being classified as a procedural statute. Let me just ask you a question. Yes, Your Honor. When, I take it you filed originally in federal court in the Eastern District of Texas? Correct, Your Honor. Okay, and at the time, and then the trucking company countered with a motion to dismiss for lack of specific jurisdiction? Correct, Your Honor. Well, he's saying no, but anyway, we'll let him. It was a 12b2 motion to dismiss or any alternative transfer. Fine, and then who picked what jurisdiction to transfer it to? Did you have any say in that or a recommendation? Yes, Your Honor. The court asked what jurisdiction, would we prefer it to be Louisiana? We said yes. We had filed within the one year, and truthfully, we believe we were timely in this filing. Right, and you didn't have Louisiana counsel at that time? I did not, Your Honor. So the transfer order is under 1404 or 1406? 1406, Your Honor. So do you think the judge would have evaluated interest of justice differently if the judge had been aware of the 3462? Your Honor, the magistrate judge Payne at the time, no, I don't think he would have done it any differently. I think he evaluated the interest of justice, and you don't want this case dismissed, and it should stay alive. Did they advocate sending it back to North Carolina? No one that I know of actively advocated it, and North Carolina has a borrowing statute that would have used Louisiana's statute of limitations law anyway. So at the time, no, Your Honor. At the time, no. But I guess my bottom line is then that nobody in the proceeding in the Eastern District of Texas intuited that this was a 1631 situation. Your Honor, I don't know if they intuited it or not. That was the— Well, it wasn't pled, it wasn't argued, and the order wasn't based on that. That's true, Your Honor. Okay. But the 1631 applies anyway for two reasons. First, it is an operation of law. 1631 is a mandatory statute. It says if two things obtain, the court shall transfer under the statute, and the transferee court shall treat this as if it had been filed at the time it was originally filed, but in the transferee court. Those two things that must obtain are, one, a want of jurisdiction, and two, that is, in the interests of justice. As soon as the lower court found those two items, then 1631, with its mandatory compulsory language, came into play by operation of law. Congress said, this is what we want to happen if these two things obtain. Secondly, the Western District of Louisiana modified the original transfer order, which it has the power to do. When the Louisiana— I never heard of that before, but you can say what you want to say. Sure. You said it was functionally a 1631. Yes, Your Honor. You said it was a 1631 in all but name, and then treated as a— Who brought that up at that point? We did, Your Honor. I'm sorry. When it went to the Western District of Louisiana, who brought up, oh, this is 1631. Who brought up, A, statute of limitations under Louisiana law, and then who brought up 1631 as a counter? The appellees brought up a—they filed a motion for summary judgment on the prescription defense, and as a counter, the appellants, Franco, argued that 1631 effectively applied to the case, and the court agreed. And the court said, this is a 16— Oh, it agreed.  To begin with, it agreed. Correct, Your Honor. Well, no, no. Actually, in terms of whether 1631 applied, both times the lower court took up this issue, it treated this transfer as a 1631 transfer. In the second time when the lower court took up this issue, it wasn't that it said 1631 doesn't apply. It said that 1631 only applies to federal timing issues, which is my second point, Your Honor, which is erroneous. So Rule 54B allows the lower court to revisit, modify, reverse decisions at any time, even without a change in fact, and this court recognized that in Austin v. Texas Kroger L.P. in 2017. The Supreme Court said in Christensen v. Colt Industries Operating Group, 1980, that not only does the power of a federal court to reverse its own decisions exist, but it can modify or reverse decisions of a coordinate court. That's what happened here. It was a decision of that court to modify the decision of a coordinate court. Both times, the lower court looked at this prescription issue. It treated this as a 1631 transfer. So both by operation of law, the fact that this was, I'm sorry, Your Honor, both by operation of law and by the fact that the lower court's, excuse me, the Western District of Louisiana modified this other opinion. So both of those allow 1631 to apply, which is why it must apply, because it is a valid enactment of Congress and because it reaches the point before the court. The most analogous situation we have in Supreme Court jurisprudence is Stewart Organizations v. Ricoh Corporation in 1988. In that eight to one opinion, the Supreme Court held that Alabama state substantive law could not affect the application of a 1404A transfer. In that case, it was a state contract law governed by Alabama substantive law. It was filed in federal court under diversity jurisdiction, and Alabama substantive law would have held a form selection clause within the contract as unenforceable. But the Supreme Court said even though that form selection clause would be unenforceable across the street in the Alabama court, the federal court, because it has a congressional mandate through 1404A to look at this transfer a certain way, can and should give weight to that form selection clause. The lone dissenter in that case was Justice Scalia, who argued that for considerations of federalism and to make sure that things were uniform across the state, that the federal court should not consider this form selection clause that would have been held unenforceable under Alabama law. And the majority roundly rejected this. I mean, you know, what strikes me about this argument is that it is definitely outcome determinative. And one fundamental principle flowing out of the Erie decision is that we use state law when that would be outcome determinative. And a form selection clause ain't outcome determinative. Yes, Your Honor. From what you're telling me, you filed in the Eastern District of Texas because you perceived that to be the best possible location for your client. But had you been looking at the limitations at places that would have had appropriate jurisdiction and venue, you would have known that you had to follow these other laws. And this is completely outcome determinative, not only in Louisiana, but also in North Carolina, according to you. Your Honor, the outcome determinative test is part of the Erie doctrine. And the Supreme Court has told us that when there is a valid federal statute that is on point, the court must not, quote, wade into Erie's murky waters. I don't disagree with that. But I mean, I'll wait for the other side. I'm really quite open on the case. But normally, don't we view statutes of limitations as being substantive law for Erie purposes? Your Honor, there's no doubt that the statute of limitations is the substantive law. But 1631 doesn't change the statute of limitations. 1631 simply gives a procedural lens through which courts view facts. It's like a relation back or something. Yes, Your Honor. Really, it's superseding a statute of limitations, though. No, Your Honor. And this is what the court originally held. And so the question is, do these conflict? If they conflict, there's no doubt 1631 as a federal statute has to be applied. They don't necessarily conflict. They seem to beg different results. But 1631 tells a court how to view where and when a case was filed. Louisiana Civil Article, the Civil Code Article 3462, tells the court what to do with that case once it has been filed, once the court has determined where and when it has been filed. But it does not speak to how the court determines where and when it was filed. This is similar to the Walker v. Armco analysis. And what they did is they looked and they said, does Rule 3 tell the court to toll the statute of limitations? No. And because of that, it doesn't toll the statute of limitations. And the issue before the court at that time was, does Rule 3 toll the statute of limitations? The question for this court is not whether 1631 tolls the statute of limitations, but whether it tells the court where and when a case was filed. And because 1631 does tell the court that, it's directly on point. That's why the idea that 1631 only applies to federal timing issues can't hold. The purpose of 1631, according to this court in Dornbush v. Commissioner, 1988, is to, quote, rescue cases mistakenly filed in the wrong jurisdiction, end quote. That's what 1631 is supposed to do. If it only applies to federal timing issues, it never does that. The First Circuit in Federal Home Bank Loan of Boston v. Moody's Corporation, a 2014 case, the First Circuit said the purpose, after looking at legislative history extensively, said the purpose of 1631 is to protect litigants against statutory imprecision and lawyer's errors. Your Honor? Well, that's fine. But it's not normally the province of the federal government to protect litigants in the consequences of bad decisions. Well, Your Honor, I— That just—that's just hard for me to absorb. Well, Your Honor, I suppose that goes to the third point, which is that this is—this statute is supposed to be read broadly. You know, look at Section 1983, for instance. It always borrows the state statute of limitations. Yes. Because there is no independent limitations period in 1983. Unquestionably, Your Honor. But 1631, on its face, says if there is a warrant of jurisdiction and if it is in the interest of justice, if the lower court finds it's in the interest of justice to transfer, then 1631 shall apply. And the transferee court shall treat the case as if it were filed in the transferee court on the date it was actually filed in the transferee court. Because of that, Congress has spoken on this. And regardless of whether it is normal, with all due respect, Your Honor, Congress reigns supreme in this. The Rules of Decision Act, much made of from the defense side, says that yes, the federal—excuse me, the state rules provide the rules of decision unless actions of Congress provide otherwise. In this particular case, the actions of Congress do demand a different result. Again, after a long time of looking at this case, I am not as convinced there is an absolute conflict here because the two statutes really do speak to two different things. But if there is a conflict, there is no doubt this statute is on point and it is valid. And because of that, because the statute is on point and valid, it has to be applied. There is no Erie analysis. Erie analysis only applies to judge-made law. This is an act of Congress, not a judge-made law. Your Honors, for a final point, I'd like to turn to the personal jurisdiction aspect. Just because this has been so heavily litigated, I'd like to point out that no circuit court has ever held 1631 to be restricted only to subject matter jurisdiction. Only in dicta have any courts ever said that. Any court that has reached the issue have all said that jurisdiction within 1631 applies to both personal and subject matter jurisdiction. The Supreme Court told us that the preeminent canon of statutory interpretation is to presume that Congress says what it means and that the statute means what it says. Jurisdiction, plainly, can encompass both subject matter and personal jurisdiction. If Congress had meant to say only subject matter jurisdiction, it would have done so. I see that I am out of time, Your Honor. I reserve the rest for rebuttal. All right. Thank you. Let's see here. Mr. Strange. Thank you, Your Honor. May it please the Court, Adam Strange, present for appellees, Your Honor. We are here today to ask this Court to uphold the proper ruling of the lower federal court. We are here today to prevent 1631 from circumventing and abrogating state substantive law. Your Honor, it is undisputed that application of Louisiana Civil Code Article 3462 time bars plaintiff's claims. Article 3462 requires service on the defendant within one year of the date of the accident,  if the action was originally filed in an incompetent court or an improper venue. It is undisputed that plaintiff simply did not comply with the requirements of Louisiana substantive law. It is undisputed, Your Honors, that the accident giving rise to plaintiff's claims occurred on November 24, 2015. It is undisputed plaintiff's filed his lawsuit in the Eastern District of Texas. It's undisputed, Your Honors, that defendant plaintiff did not serve defendant Mabe, who at the time was the only defendant in the case, until January 20, 2017. It's undisputed, Your Honors, that the Eastern District of Texas was an incompetent court and an improper venue, as the Eastern District of Texas did not have personal jurisdiction over the defendants. Your Honor, it's undisputed that plaintiff's claims were time barred under the operation of Louisiana's substantive prescription period. When did the trucking company figure that out? Honestly, Your Honor, I received an email from plaintiff's counsel sometime in 2018 requesting we waive our affirmative defense of statute of limitations. At that point, I called some counsel in Louisiana and said, what's this all about? They told me, hey, did they serve you guys within the year? I said, absolutely not. He said, well, that claim is time barred under Louisiana law, Your Honor. Plaintiff's counsel said that to you? Plaintiff's counsel sent me an email advising us that we need to, we need to... They get stars in their crown for ethical behavior. No, no, plaintiff's counsel didn't tell me that. Louisiana counsel told me that. Plaintiff's counsel advised me that I needed to modify my petition or my answer to remove our statute of limitations defense. I'm not sure why. Well, I think I know why. But that's neither here nor there, Your Honors. It's undisputed, Your Honors, that plaintiff's claims were time barred under an application of Louisiana substantive law on November 25th, 2016. That is when the one-year statute of limitation told, prescription period, I apologize, the one-year prescription period told, and they had not served any defendants. Specifically, and just for the record, Article 3462 states in pertinent part, if an action isn't commenced in a incompetent court or an improper venue, prescription is interrupted only as to a defendant served by process within the prescription period. This is the substantive law of the state of Louisiana. Plaintiff's case was time barred by operation of law three days after they filed in the Eastern District of Texas. It is undisputed, Your Honors, that plaintiff's claims were time barred when the case was transferred to the Western District of Louisiana. Now, the transfer order, obviously, as this court pointed out recently, was under 1406. Well, if someone had advised the court that the case would be time barred in either potential jurisdiction, maybe the court wouldn't have transferred. I would disagree, Your Honor, and this is why. All the cases we have cited in our brief, and I can reference you to the pages if you'd like, where 1631 is used, it's always when it's filed properly and within the statute of limitations. And this court and the Eastern District of Texas did not know, potentially, that the transfer would have been worthless because the case would have been transferred and it was still dead on arrival. It is undisputed. When you were saying they were all filed properly, what do you mean by that? I mean, if we look at the cases we cited in our brief, Your Honor, there's numerous cases stating transfer under 1631 would be inappropriate because the statute of limitations has already told. So, why transfer under 1631, why transfer under 1406, it doesn't matter. The statute of limitations has told. Now, in all honesty, had I known at the time I filed the brief in the Eastern District of Texas that this case was already dead, I would have brought that to the court's attention and I don't think we ever would have gotten here. And perhaps that's, I am a Texas lawyer, I have local counsel in Louisiana, but that's, you know, I was unaware at the time that the one-year tax limitation ran because they failed to serve us. It is undisputed, Your Honors, but for the application of 28 U.S.C. section 1631, plaintiff's claims are time-barred under Louisiana law. Such application of 1631 to abrogate Louisiana's substantive laws on prescription does two things. One, it encourages substantial form shopping. But most importantly, Your Honors, to allow the application of a federal procedural statute such as 1631 to circumvent and abrogate a state substantive law violates the principles of federalism, the sovereign power of the state of Louisiana, and the well-founded principles of the Erie Doctrine. This court should not allow 1631 to be used to abrogate Louisiana's laws and should affirm the ruling of the lower court. The initial analysis is under the Erie Doctrine. The lower court correctly determined the Erie Doctrine and the Rules of Decisions Act prohibit the federal courts from disregarding the second sentence of Article 3462, which requires service on defendant within the one-year prescription period if plaintiff's case is filed in an improper jurisdiction, which there's no dispute that is correct. As already established, plaintiff filed in an improper jurisdiction and did not serve defendants within the one-year prescription period. The core policy of Erie is that a case should not have a different outcome because it is filed or removed to federal court rather than in state court, and that is absolutely what is happening here. Right, so, but you don't disagree that had the case been timely filed or timely pursued in the Eastern District of Texas, it could have been transferred under 1631? If the case was, if plaintiff had served... And served a timely? Correct. And, you know, immediately got service out and then you moved to transfer under 1631. No question that 1631 would have applied, right? I would argue no, Your Honor. I think 1406 would have applied. I think... No, no, because this is lack of jurisdiction. 1406 is venue, and venue is not jurisdiction. The federal court, the Fifth Circuit has ruled that under, if lack of personal jurisdiction or venue applies, you can transfer to 1406. Okay. I don't want to argue with that specific point. I mean, 1406, 1404, 1631, if they had filed timely, obviously, we won't have a statute of limitations defense. If they had served us properly within the year, we won't have a statute of limitations defense, but that is an if. Applying 1631 to abrogate and circumvent the state law on that issue is completely improper. As I said, the core policy of Erie is that a case should not have a different outcome if filed in state versus federal court. That is absolutely what's going to happen here if this court overturns the proper ruling of the lower court. If this case was filed in Louisiana, in a different parish, or even the western, I'm sorry, the eastern district of Louisiana, the statute of limitations would apply. But it wasn't. It was filed in an improper court, improper jurisdiction, and they failed to serve us within the year. So that core policy of the Erie is being violated by the plaintiff's request to have the lower court overturn its order. Obviously, a federal... What's the best case in support of your position? Adams, Your Honor. It is cited in our brief. And then, quite honestly, this has not been decided by the Fifth Circuit. There is a substantial dispute among the circuit courts about what to do with 1631. I think it's obviously... But there aren't any... I mean, how many cases are there using 1631 in a diversity case regarding limitations periods? When they're not related specifically to... So diversity only? I've only found a few. I mean, you know, federal law... I mean, we have encountered 1631 in federal cases. Of course, there's no problem. But when you get to the diversity realm, I would have thought there would be another case or two out there where limitations problems had arisen. I have not found one in the Eastern District. I'm sorry, in the Fifth Circuit, Your Honor. There are, I believe, a case or two out of some districts where the case is timely. And that's the problem. Yeah. The case is timely filed, and they say, well, hey, I don't want to dismiss your case. It was timely filed here. If I transfer it under 1631, it'll be timely filed in the other court of the transferee court. So I think Louisiana is very, very... Their prescription period, I don't know of another prescription period requiring service within the one year. I don't, if you file in the wrong jurisdiction. So it's a two-part test. I mean, obviously, competent jurisdiction, you're not going to violate the sex limitations or the prescription period. You've got it right. Incompetent jurisdiction, well, you better serve within the year or you're not going to be able to bring your lawsuit. So the fact that this diversity case was transferred to this court from the Eastern District of Texas after plaintiff filed in an improper venue does not mean that section 1631 can be applied to eliminate the application of Louisiana substantive law. Article 3462 establishes the effect of filing in an improper venue on a Louisiana prescription period. And that effect is that if you file in the wrong venue or jurisdiction, you have to serve within the year. The federal transfer statute, 1631, is procedural in nature in the sense that it applies to allow one federal court to procedurally transfer an action to another federal district court. But in this specific case, application of 1631 clearly and blatantly conflicts with an application of Louisiana's substantive law, specifically the second part of Article 3462, which provides plaintiff's claims are time barred and must be given precedent. You cannot take that state statute and read it as one sentence and just erase the second sentence. Section 1631 was designed to provide that a timely filed claim, mistakenly filed in the wrong jurisdiction, will not be ejected for missing the statute of limitations. So do you, let's try to narrow the issues here. Are you still arguing that 1631 applies only to subject matter jurisdiction and not personal jurisdiction? I think that would be the proper ruling of this court. I think the Adams decision from the Western District holds that way. I think our lower court held, well, didn't hold that way, but could have. But the Supreme Court has held that jurisdiction is jurisdiction is jurisdiction. I don't disagree with that. The force of many colors or something like that. I think 1406 and 1404 provide adequate remedies to transfer when personal jurisdiction lacks. I think 1631 should be read to provide transfer when there's no specific jurisdiction or subject matter jurisdiction, pardon me, when there's no subject matter jurisdiction. So anyway, the parties disagree on that. And then the other issue is, do you take the position that 1631 conflicts with the Louisiana statute or that it does not conflict and they can be read, ought to be read harmoniously? I don't think there's any way to read 1631 as applied in this case or as plaintiffs would have it applied in this case to state any way other than that it conflicts. It absolutely erases the second sentence of 3462. Well, if there's a conflict, then under the supremacy clause, are we not required to adhere to the federal law? No, Your Honor, because 1631 does not specifically preempt 3462. You have to have a act of Congress specifically preempting. OK, and that's the primary argument from plaintiffs. Well, you know, I wrote this case recently with some reluctance, but it was called Clocky and it had to do with the Texas anti-slap statutes. And we relied heavily on a case that Judge Kavanaugh decided in the D.C. Circuit and held that the Texas law, to the extent that the Texas law appeared, which had procedural hurdles, appeared to conflict with the federal rules of civil procedure, then the federal rules would take precedence. I'm not aware of that case, Your Honor, and I apologize. However, I would argue that even if that is the case, you cannot use those federal rules to abrogate a state substantive right. I mean, this is not an issue of, I can't even think of a similar example, but absolutely by application of this 1631 in this case, we're abrogating state substance of law. Plaintiff essentially has argued that 1631 applies to abrogate state substantive law because Congress has spoken. Plaintiff is asserting that 1631 preempts Louisiana law, but this is not the case. As set forth in our brief, Your Honor, federal statute preempts state law in only limited circumstances, express preemption, field preemption, and conflict preemption. I think it's obviously the purpose of 1631 was not expressing or impliedly to preempt state law regarding limitations period applicable to state causes of action, and conflict preemption does not require the application of 1631 either. Conflict preemption applies only when it is impossible for a private party to comply with both state and federal law, and where under the circumstances of a particular case, the plaintiff is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. In making this determination, the courts must be guided by a presumption against preemption, and the historic policy powers of the states are not to be superseded by the federal acts unless that was the clear and manifest purpose of Congress's intention. Plaintiffs primarily rely on the Stewart v. Ryko Court, 48-7 U.S. 22. Now, Stewart presented the issue whether a federal court sitting in diversity should apply a state or federal law in adjudicating a motion to transfer a case pursuant to a venue provision in a contractual forum selection clause. The court found, and that's at 22 of the report, Your Honor, 24 of the report. The court found the dispute concerned the possibility that Alabama may refuse to enforce the forum selection clause. The court ultimately held federal law, specifically 28 U.S.C. 1404A, governs the decision whether to give effect to the party's forum selection clause. The Stewart case did not involve the abrogation of a state statute of limitations or prescription rule by application of a federal statute, as in this case, as plaintiffs would have us do. Stewart involved the application of a forum selection clause in a private contract between two individuals using 1404 weighed against an Alabama public policy disfavoring such clauses. Obviously, this case does not concern that issue. None of the cases cited by plaintiffs established that a federal procedural statute can preempt a state statute of limitations. Um, in this case, section 1331 is being used to erase the second second, as plaintiffs would have it, is being used to erase the second sentence of section of article 3462 and revive a case that prescribed on November 25, 2016. We cited numerous cases where federal courts specifically will not transfer a case under 1631 as a statute of limitations has already run. And that's at page 21 and 27 of our briefing, Your Honor. There is nothing to indicate 1631 was intended by Congress to be used to revive a case that is already prescribed. The hold in such a manner will allow widespread forum shopping as any litigant could file on any federal district court and then simply transfer back to Louisiana district courts without having to adhere to 3462, Your Honor. When a case is dismissed for lack of jurisdiction or venue, the litigant can simply transfer back, which we shouldn't allow. Ultimately, Your Honors, this case should not, this court should not, should uphold the lower court's ruling and not allow section 1631 to abrogate state law. That's my time, Your Honor. Thank you. Thank you very much. Mr. Ross. Your Honor, only a couple of points. You were asking about diversity cases in which the courts used 1631 to rescue the case. I would point the court to, I sent in a 28-J letter with the Haratunian case that was decided by Judge Morgan here in town. Um, with regard to this court and how it has looked, um, at this issue, the, I would point the court towards its own decision in Phillips versus Illinois Gulf Railroad Company, which was 1989, in which it entertained the possibility of using 1631 to rescue a case that was, uh, transferred due to lack of personal jurisdiction. In that case, the plaintiff had filed in Texas, but after a year instead of before a year. And what the court said was, quote, the curative effects of 1631 apply only to those circumstances where the action would have been filed in the transferee court at the time of the filing in the transferor court. In other words, if I had filed this case after that one year period, obviously 1631 wouldn't rescue anything. I don't see how that could promote, promote forum shopping because only if, only if the plaintiff files within the original period, could it matter? Um, Your Honor, this idea that. Well, you are sort of, if you prevail, you're getting a benefit that a comparable case filed in Louisiana would not enjoy. Yes, Your Honor, that is true. But if indeed, um, 16, they filed in federal court, if that's, that's true, Your Honor, because there wouldn't be a lot of want of jurisdiction. I see, I see what you're saying here. Um, no, it's only upon these facts. It is a narrow set of facts, but it is nonetheless the plain language of 1631 that begs it. And I think if they are correct, if there is a conflict, 1631 applies. Period. End of story. Thank you, Your Honor. All right. Well, thank you very much. This was a very well presented case on both sides and we appreciate it. Thank you, Your Honor. May we be excused? Yes.